CLERK
US DISTRICT & BANKRUPTCY
COURTS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA** 2008 MAR 19 AM 6: 35

# FILED

RECEIVED    **MAR 1 9 2008**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

|  |  |  |
|---|---|---|
| The Washington Center for Peace and Justice, Inc. <br> 1726 Reisterstown Road, Suite 2006 <br> Baltimore, Maryland 212006 | ) ) ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) | Civil Case No. |

Case: 1:08-cv-00498
Assigned To : Robertson, James
Assign. Date : 3/19/2008
Description: Civil Rights-Non-Employ.

|  |  |
|---|---|
| United States Department of State <br> 2201 C Street NW <br> Washington, DC 20520 | ) ) ) ) |
| Michael Hersh <br> 1014 E. 10th St <br> Brooklyn, NY 11230 | ) ) ) ) |
| Miriam Hersh <br> 1014 E. 10th St <br> Brooklyn, NY 11230 | ) ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, The Washington Center for Peace and Justice, Inc., by and through

counsel, Joshua M. Ambush and The Law Offices of Joshua M. Ambush, LLC files this

complaint for injunctive relief on behalf of Isaac Hersh against Defendants, United States

Department of State, and Michael and Miriam Hersh. Plaintiff is seeking injunctive relief

in the form of the immediate visitation of Isaac Hersh in Jamaica by U.S. Consular

officials for the purpose of determining his welfare, and if necessary, providing him with emergency medical care and other relief as determined and directed by this Court.

This action is brought under the Vienna Convention on Consular Relations, Articles 5, 36 and 37; 22 CFR 71.1 and 71.6; 7 Foreign Affairs Manual (FAM)100; the Privacy Act, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

Plaintiff contends that Defendant United States Department of State (hereinafter also known as DOS) for has not done enough to determine the welfare of Isaac Hersh or to provide him with the medical care he very likely needs and is entitled to.

Defendants Michael and Miriam Hersh are the parents of Isaac Hersh, a minor child. They cruelly and maliciously arranged to have Isaac Hersh forcibly brought to an alleged "private residential treatment program" or "behavior modification facility" named Tranquility Bay, aka Caribbean Center for Change, C/O Olde Warf Hotel, Treasure Beach, St. Elizabeth Parish, Jamaica, West Indies, on June 13, 2007. Tranquility Bay is notorious for subjecting the minor children sent there to all manner and type of abuse.

Defendant DOS has witnessed abuse at Tranquility Bay first hand. Consular officials have gone to Tranquility Bay numerous times on welfare visits, most recently in October, 2007. Although Isaac Hersh was in the Tranquility Bay compound at the time of the consular visit, the consular officials were denied access to him.

2

A parent has a right to refuse to sign a waiver allowing disclosure of any information regarding their minor child. Notwithstanding their expectation and right to privacy, exceptions exist to the Privacy Act in cases where the subject's health and safety is in question. Plaintiff The Washington Center for Peace and Justice, Inc. has obtained credible information that Isaac Hersh has been subjected to abuse while he has been in Tranquility Bay. This information is also known to Defendants Michael and Miriam Hersh.

In light of this revelation, as well as many other disclosures about the treatment of children sent to Tranquility Bay, any conceivable basis for withholding consular officials from visiting Isaac Hersh to determine his welfare or of providing him with medical care should be viewed as a nefarious effort to conceal abuse.

## JURISDICTION AND VENUE

1.    This Court has both subject matter jurisdiction over the consular relations claim as well as the ADA claim, and personal jurisdiction over the Defendant DOS pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. This Court also has diversity jurisdiction over the parties. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2.    Venue is proper pursuant to the provisions of 28 U.S.C. § 1391(b).

## PARTIES

3.    Plaintiff The Washington Center for Peace and Justice, Inc. (hereinafter also known as The Center) is a non-profit, non-partisan organization dedicated to assisting victims of various forms of injustice by providing legal, medical and social aid.

4.    Plaintiff The Washington Center for Peace and Justice, Inc. is a 501 (c) (3) organization incorporated in the State of Maryland. The Center educates the public regarding foreign sovereign states and groups that sponsor and promote terrorism and human rights abuses and retains attorneys to represent victims of human rights abuses when they cannot do so for themselves.

5.    Defendant DOS is a Department of the Executive Branch of the United States Government. DOS is an agency within the meaning of 42 U.S.C. §12101.

6.    Defendant Michael Hersh is the father of Isaac Hersh. He is a resident of the State of New York.

7.    Defendant Miriam Hersh is the mother of Isaac Hersh. She is a resident of the State of New York.

## STATEMENT OF FACTS

8.    Michael and Miriam Hersh are the parents of eight children, including twin 16 year old boys. Isaac Hersh, date of birth July 29, 1991, is one of the twins.

9.    The family lived at 817 Avenue M, Brooklyn, New York 11230 until spring 2002.

10.    The family went to Israel in Spring 2002, reportedly just for the Passover holiday. In reality, unbeknownst to the children, the parents planned on living there permanently. The family abruptly returned to New York approximately four years later when Defendant Michael Hersh was charged by Child Protective Services with child abuse. The charge stemmed from an investigation and complaint brought by the twins' school that Defendant Michael Hersh forced them to take medication without a prescription so as to control them.

4

11.    The child abuse investigation in Israel began in 2004. In September 2004, Isaac was sent to a school in Toronto, Canada.

12.    The family left Israel in 2005 and returned to their residence located at 817 Avenue M, Brooklyn, New York, a house owned by Michael Hersh's parents.

13.    Beginning in September, 2005 Isaac Hersh attended school in Richmond, Virginia.

14.    In July, 2006, when Isaac was in New York for a visit, he was brutally taken by force by unknown assailants and brought to a psychiatric facility in Long Island, New York.

15.    The psychiatric facility contacted sought to release Isaac Hersh six weeks later, after it was determined that he did not need their services. The facility contacted a family that Isaac knew in Houston, Texas and arranged for Isaac to live with them.

16.    For a little more than nine months, beginning in September, 2006, Isaac lived with that family in Houston, Texas. During that entire period, Defendants Michael and Miriam Hersh made no effort to contact or visit their son Isaac.

17.    Under the pretext of assisting Isaac in obtaining a passport for a summer job in Canada, Defendants Michael and Miriam Hersh lured Isaac back to New York on or about June 12, 2007.

18.    As reported by at least two eyewitnesses, at approximately 5 a.m. on the morning of June 13, 2007, Isaac was seen being forcibly dragged out of his parent's house by two burly, Caucasian males.

19.    Isaac was crying and repeatedly pleaded and begged for them not to take him away. He was handcuffed behind his back and struggled to resist.

20.   When neighbors and relatives asked about the whereabouts of Isaac, they were simply told that he was sent away to a school.

21.   It was not until four months later when it was confirmed that Isaac was sent to a "reform" type school called Tranquility Bay, located in Jamaica.

22.   A friend of Isaac received a call from someone who reported that he was personally in Tranquility Bay and saw Isaac Hersh there.  Isaac had asked him to contact his friend and twin brother to tell them where he was and to ask that they get him out of there. This eyewitness also reported that he saw Isaac being abused by the staff of Tranquility Bay. Isaac's twin brother subsequently received an email sent surreptitiously from Isaac confirming that he was in Tranquility Bay.

23.   Tranquility Bay is a private residential facility for youth that is part of, and operates according to the guidelines of World Wide Association of Specialty Programs and Schools (WWASPS) based in St. George, Utah.

24.   Tranquility Bay is barbed wire fenced and guarded compound.  Numerous allegations of abuse have been documented about the treatment of the juvenile youths sent there.

25.   Presently, there is a suit pending before the U.S. District Court for the District of Utah on behalf of 140 former students who were in WWASPS facilities, including Tranquility Bay.(see *Wood et al. v. WWASPS, et al., Civil Case No 2:06-CV-708 DS, (2006)*)  The complaint details numerous allegations of abuse, including children who were forced to eat their own vomit, bound and tied by their hands and feet, chained and locked in dog cages, small boxes and basements, forced to stay in isolation for periods of time, forced to assume distorted and painful physical positions for long periods of time,

forced to live in unsanitary living conditions, denied adequate food, denied even a minimally sufficient education, denied proper medical treatment and care, and numerous forms of sexual abuse. The complaint further alleges that children in these facilities were subject to emotional abuse, such as near parental and societal isolation, were deprived from using bathroom facilities, deprived of sleep, denied religious affiliation, and forced to eat rotten food.

26.   According to the International Survivors Action Committee (ISAC), a non-profit group that assists victims of facilities such as those run by WWASPS, it has received more complaints about Tranquility Bay than any other facility. The complaints made to ISAC include beatings, brutal physical restraint resulting in broken bones, sexual assault, food deprivation, and excessive use of isolation known as observation placement known as "OP."

27.   Congress is currently investigating allegations of child abuse in residential treatment programs, such as Tranquility Bay. The Committee on Education and the Workforce, chaired by representative George Miller of California, has asked the Government Accountability Office to investigate allegations of fraud and abuse, in facilities such as those run by WWASPS. Congressman Miller's committee is currently holding hearings on this issue.

28.   Defendant Michael Hersh is presently the CEO of Chevra Hatzalah Volunteer Ambulance Corps, Inc., the largest all-volunteer ambulance service in the United States, located at 1340 East 9th Street, Brooklyn, New York 11230.

29.   Defendant Michael Hersh is a former post-graduate student of Yeshiva Chaim Berlin in Brooklyn, New York and a disciple of Rabbi Aaron Schechter, dean of the

Yeshiva. He is a member of the close-knit community that revolves around the Yeshiva in the Flatbush neighborhood of Brooklyn, New York.

30.  Numerous family members and community members have approached Defendants Michael and Miriam Hersh to urge them to remove Isaac from Tranquility Bay. They have repeatedly warned them of the abusive and harmful activities that take place there. Their efforts to convince Defendants Michael and Miriam Hersh to remove Isaac from Tranquility Bay have proven futile.

31.  Moreover, upon information and belief, Defendant Michael Hersh has sought and obtained the assistance of prominent community members in resisting efforts to transfer Isaac out of Tranquility Bay.

32.  Defendant Michael Hersh has also reportedly threatened witnesses and taken retaliatory measures against them.

33.  Plaintiff The Washington Center for Peace and Justice, Inc. has brought this action on behalf of Isaac Hersh in the belief that his life is endangered every second that he remains in Tranquility Bay.

## VIOLATION OF DEFENDANT'S REGULATORY DUTY TO PROTECT PLAINTIFF

34.  Plaintiff incorporates herein by reference all prior paragraphs as if fully set forth at length.

35.  Defendant Department of State, acting through the U.S. Consulate of the country of Jamaica, violated its regulatory duty to protect Plaintiff. Regulation 22 CFR 71.1 provides that:

Officers of the Foreign Service shall perform such duties in connect with

the protection of American nationals abroad as may be imposed upon

them by rules and regulations prescribed by the Secretary of State.

36.    Similarly, Regulation 22 CFR 71.6 provides that:

Officers of the Foreign Service **shall extend every possible aid and assistance within**

**their power to distressed American citizens** within their districts, but they shall not

expend the funds nor pledge the credit of the Government of the United States for this

purpose, except in the case of American seamen, or except as authorized by the

Department of State. (emphasis added)

37.    U.S. Consulate officials' specific duties to distressed American citizens abroad

include:

    a.    Conducting welfare checks in regard to U.S. citizens abroad, as codified
by Article 5, 36, and 37 of the Vienna Convention on Consular Relations.

    b.    For victims of child abuse, coordinating with state child advocacy centers
and colleagues in the U.S. Department of Justice Office for Victims of
Crime, and state victims of crime programs.

    c.    Reporting information about an individual, **even without that
individual's consent, or the consent of that individual's guardian or
parent in the event of a minor, when the subjects' health and safety is
in question.** (emphasis added)

    d.    Providing emergency medical assistance, including, but not limited to,
medical examinations, emergency treatment, non-elective surgery, as well

as preventive and/or protective medications and medical supplies, in accordance with regulation 22 CFR 71.10.

38. Defendant DOS violated each of these duties by failing to provide the above-mentioned services to Isaac Hersh. Upon information and belief, Defendants Michael and Miriam Hersh acted to prevent Defendant DOS from providing the above-mentioned services to Isaac Hersh.

39. Because of Defendants' acts and omissions, Isaac Hersh's civil and constitutional rights have been violated.

## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILIES ACT 42. U.S.C. SECTION 12101 ET SEQ.

40. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

41. Plaintiff further states that Isaac Hersh suffers from a disability within the meaning and scope of the ADA, 42 U.S.C. § 12102. Accordingly, Isaac Hersh is a member of the class of persons protected by 42 U.S.C. §12132, which makes it unlawful for a public entity to discriminate against an individual with a disability or to deny the benefits of the services, programs, or activities of a public entity to a person with a disability.

42. As alleged herein, Plaintiff is informed and believed and thereon alleges that Defendant DOS discriminated against Isaac Hersh because of his disability and denied him the benefits of public services, programs, and activities as a result of his disability by, amongst other things. its failure, through omissions of the U.S. Consular of Jamaica, to perform the services previously outlined in this Complaint.

43. Defendants' acts and omissions, as alleged herein, were in violation of the

ADA, 42 U.S.C. Section 12101 et seq. The ADA imposes certain duties upon defendants concerning discrimination against persons, such as Isaac Hersh, on the basis of his disability. Indeed, the ADA was intended to prevent the type of injury and damage set forth herein. Isaac Hersh is a member of the class of persons intended to be protected by the ADA.

44.    As a result, Isaac Hersh's civil and constitutional rights have been violated.

### REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

45.    Order Defendant DOS to immediately conduct a welfare visit to Isaac Hersh in Tranquility Bay, Jamaica.

46.    Order Defendant DOS to immediately provide medical and dental care to Isaac Hersh.

47.    Order Defendant DOS to immediately aid in any and all assistance needed by Isaac Hersh.

48.    Order Defendant DOS to coordinate the removal of Isaac Hersh from Tranquility Bay.

49.    Order Defendant DOS to report the results of its welfare visit directly to this Court.

50.    Order that Isaac Hersh be brought before this Court so that he may testify in these proceedings.

51.    Issue a protective order for Isaac Hersh from Defendants Michael and Miriam Hersh.

52.    Order Defendant DOS to coordinate with Department of Justice to investigate any possible criminal violations stemming from this case.

53. Enjoin Defendants Michael and Miriam Hersh or their agents from interfering with this Court's Orders.

54. Enjoin Defendants Michael and Miriam Hersh from destroying records, documents or other evidence relating to this case.

55. Hold an emergency hearing on these matters.

56. For such other and further relief that is determined by this Court.

57. Grant leave to amend this complaint as the interests of justice require.


Respectfully Submitted,

Joshua M. Ambush, Esquire
Bar No: ~~MD2705~~ *MO27025*
Law Offices of Joshua M. Ambush, LLC
Hilton Plaza
1726 Reisterstown Road, Suite 206
Baltimore, Maryland 21208
Phone: 410-484-2070
Fax: 410-484-9330

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Washington Center for Peace and Justice, Inc.     ) <br> ) <br> ) <br> ) <br> Plaintiff,     ) <br> ) <br> v.     ) <br> ) <br> ) <br> United States Department of State, et. al     ) <br> ) <br> Defendants     ) <br> ) | Civil Case No. |

### **AFFIDAVIT**

I, Joshua M. Ambush, hereby affirm under penalty of perjury that the information contained in the complaint in the above captioned case is accurate and true to the best of my knowledge and belief.

I personally obtained statements from witnesses with first hand knowledge of the events and information detailed in the complaint. Some individuals have requested that their identities be protected at this time, but have agreed to release their information under seal, or in camera, or upon request that they testify to these matters.

Joshua M. Ambush, Esquire
Bar No: MD2705
Law Offices of Joshua M. Ambush, LLC
Hilton Plaza
1726 Reisterstown Road, Suite 206
Baltimore, Maryland 21208
Phone: 410-484-2070
Fax: 410-484-9330
Phone: 410-484-2070
Fax: 410-484-9330

08 0498

**FILED**

MAR 1 9 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

14

C28-498
JR

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THE WASHINGTON CENTER FOR PEACE AND JUSTICE, INC.    88668 | UNITED STATES DEPARTMENT OF STATE, et. al |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  MD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joshua M. Ambush, LLC
1726 Reisterstown Road, Suite 206
Baltimore, Maryland  21208
410-484-2070

Case: 1:08-cv-00498
Assigned To : Robertson, James
Assign. Date : 3/19/2008
Description: Civil Rights-Non-Employ.

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ◉ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O **G. Habeas Corpus/ 2255** | O **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | ⊗ **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>⊗ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    O 2 Removed from State Court    O 3 Remanded from Appellate Court    O 4 Reinstated or Reopened    O 5 Transferred from another district (specify)    O 6 Multi district Litigation    O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 12101

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** [_____] | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐    NO ☐ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ⊗    If yes, please complete related case form.

DATE  3/19/08    SIGNATURE OF ATTORNEY OF RECORD  NOT SIGNED

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.